■ In the Matter of ANTHONY J. FARINA, Appellant, v. STATE LIQUOR AUTHORITY, Respondent.— Order of the Supreme Court, Westchester County, dated September 14, 1966, affirmed insofar as appealed from, with costs. No opinion. Beldock, P. J., Ughetta and Christ, JJ., concur; Brennan and Hopkins, JJ., dissent and vote to reverse the order insofar as appealed from to the extent of annulling the determination of the respondent State Liquor Authority and directing respondent to reinstate petitioner's liquor store license, with the following memorandum: In our opinion, the Authority's determination was arbitrary and capricious. There was no showing that petitioner was less than frank on his application, i.e., no showing that he concealed information or made statements which were knowingly false. There was only proof that he failed to use two items specified in his application, namely, a loan against the value of his retirement fund and a mortgage on his home. This proof was supplied by his own frank answers when he appeared, without an attorney, for a hearing to investigate not any alleged violations or abuses of his license (there were none) but his reasons for his announced intention to sell his business. The reasons given for his failure to use the items indicated in the application were reasonable and uncontroverted. The State Liquor Authority investigator admitted the assets used by petitioner were "legitimate" and that petitioner had no prior connection with the proposed purchasers of his business. In other words, there was no hint that the undisclosed assets, or, for that matter, the proposed purchasers, represented undesirable elements (*Matter of Wonderful Bar* v. *Hostetter,* 24 A D 2d 1020). As for petitioner's alleged failure to report income from real estate and furniture sales commissions for tax purposes, there was substantial evidence to show only that income had been earned in 1965 and would be reported on petitioner's 1965 return. Petitioner's 1965 return was not yet due when the determination was made; also the evidence was inadequate to show that amounts were due from income in prior years (see *Matter of Stork Restaurant* v. *Boland,* 282 N. Y. 256, 273–74).